UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ELIZABETH COURVILLE**          **CASE NO. 2:21-CV-02191**

**VERSUS**                       **JUDGE JAMES D. CAIN, JR.**

**GEOVERA SPECIALTY INSURANCE CO**  **MAGISTRATE JUDGE KAY**

<u>**MEMORANDUM RULING**</u>

Before the court are a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [doc. 9] filed by defendant GeoVera Specialty Insurance Company. Plaintiff opposes the motion. Doc. 14.

**I.**
**BACKGROUND**

This lawsuit arises from damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and in Winter Storm Uri on February 17, 2021. At all relevant times, plaintiff alleges, she had in place a homeowner's insurance policy with defendant GeoVera. Under Section I, "Conditions," the policy provides in relevant part:

> **C. Duties After Loss**
> In case of a loss to a covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
> 1. Give prompt notice to us or our agent;
>    . . . .
> 4. Protect the property from further damage. If repairs to the property are required, you must:
>    a. Make reasonable and necessary repairs to protect the property; and

    b. Keep an accurate record of repair expenses;
  5. Cooperate with us in the investigation of the claim.

Doc. 9, att. 6, p. 23. The policy's **MASTER ENDORSEMENT – LOUISIANA** provides the following duties at Paragraphs 6, 7, 8, and 9 of the above section: preparing an inventory of damaged personal property with supporting documentation; showing the damaged property and providing records and documents "[a]s often as we reasonably require;" submitting to an examination under oath; sending in a sworn proof of loss within 60 days of request; and providing at GeoVera's request or executing an authorization for GeoVera to obtain "records and documentation we deem relevant to the investigation of your loss." *Id.* at 53.

  GeoVera received notice of plaintiff's loss from Hurricane Laura on August 30, 2020, and assigned Allcat Claims Service to inspect her property. Doc. 9, att. 4, ¶ 6. The inspection occurred on September 6. *Id.* On October 9, 2020, GeoVera discussed the inspection results with plaintiff as well as its submittal of $27,390.20 for dwelling repairs and policy limits of $2,900.00 for other structures. *Id.* From October through December, plaintiff and GeoVera continued to discuss her claim related to alleged structural damage and plumbing issues caused by Hurricane Laura. *Id.* GeoVera's inspectors reported no evidence of storm-related structural damage and found some plumbing leaks, but "no evidence to support that the plumbing began leaking because of the Hurricane." *Id.* GeoVera states that after it submitted payments for the personal property claim in January 2021, plaintiff advised GeoVera on February 19 that she had no further pending needs. *Id.* Accordingly, her Hurricane Laura claim was closed. *Id.* Plaintiff maintains, however, that

her ALE claim was unresolved at the time and that she had other areas of dissatisfaction with the way GeoVera had handled her claim. Doc. 14, att. 1, pp. 2–3; *see* doc. 1, pp. 5–6.

On February 22, plaintiff filed a second claim relating to a burst pipe and kitchen damage from Winter Storm Uri. Allcat inspected her home on March 24 and discovered that the interior of the home had been demolished, with contents removed. Doc. 9, att. 4, ¶ 6. Allcat notified GeoVera that plaintiff had gutted her home on March 29. *Id.* On May 5, GeoVera received a letter of representation from plaintiff's counsel. *Id.* at ¶ 8. On June 16, GeoVera wrote to plaintiff's counsel stating that it had not been able to complete its investigation or adequately verify the amount of plaintiff's claims and would require her to submit to an Examination Under Oath ("EUO"). Doc. 9, att. 7. It also requested that plaintiff bring the following:

1. A completed copy of the attached proof of loss form;
2. Any cancelled checks related to repairs made to the damaged property prior to the loss and/or prior to the inception of the policy;
3. Any estimates or contracts for repairs to the damaged property prior to the date of loss and/or prior to the inception of the policy;
4. Any receipts for repairs made to the damaged property prior to the loss and/or prior to the inception of the policy;
5. Any estimates or contracts for repairs to the damaged property following the date of loss;
6. Any receipts for repairs made to the damaged property following the date of loss;
7. Listing of all damaged contents including age, purchase price, and description;

8. Photographs of any damaged contents

9. Photographs of any claimed damages to the dwelling or other structures;

10. Any cancelled checks or proof of purchase for damaged contents;

11. Any cancelled checks or proof of purchase of contents to replace damaged contents following Hurricane Laura;

12. Any documents related to any loss of use claim you are asserting.

*Id.* On July 1, counsel for GeoVera submitted correspondence to plaintiff's counsel scheduling the EUO for Friday, July 30, 2021. *Id.* Two weeks later, the EUO was rescheduled at plaintiff's behest for July 27. *Id.* On July 26, however, plaintiff's counsel emailed GeoVera's counsel to advise that he would not produce plaintiff for her EUO but would instead file a complaint on her behalf. Doc. 9, att. 9. This suit was filed the same date. Doc. 1. GeoVera responded on July 29 that it was placing plaintiff's file in abeyance due to her failure to cooperate. Doc. 9, att. 7.

GeoVera now moves for summary judgment or dismissal for failure to state a claim, arguing that plaintiff voided the policy by failing to submit to the EUO. Plaintiff opposes the motion, arguing that GeoVera has not been prejudiced and that she had a reasonable basis for refusing to attend. Doc. 14, att. 1. She also asserts that genuine issues of material fact exist as to whether GeoVera was in breach, thereby excusing her nonperformance. *Id.*

## II.
### LEGAL STANDARD

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus

on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). In these motions, however, both parties rely on numerous exhibits not falling within Rule 12(b)(6)'s scope. Accordingly, the court will convert this motion under Federal Rule of Civil Procedure 12(d) and resolve the matter under summary judgment standards.

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

"Louisiana law teaches that failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy[.]" *Mosadegh v. State Farm Fire & Cas. Co.*, 330 F. App'x 65, 65 (5th Cir. 2009) (citing *Lee v. United Fire & Casualty Co.,* 607 So.2d 685, 688 (La. Ct. App. 4th Cir. 1992); *Robbert v. Equitable Life Assur. Soc.,* 46 So.2d 286 (La. 1949)). Accordingly, an insured's failure to cooperate with the insurer and to fulfill his obligations under the policy may be asserted as a material breach and a defense to suit. *Spindel v. Bankers Spec. Ins. Co.*, 2010 WL 5439706, at *2 (E.D. La. Dec. 28, 2010). Louisiana courts have also emphasized, however, that

> a cooperation clause is emphatically not an escape hatch that an insurer may use to flee from liability. It is most certainly not the law of Louisiana that any failure to comply with the policy conditions, no matter how trivial, will relieve an insurer from liability under the policy it drafted and issued.

*Jackson v. State Farm Fire & Cas. Co.*, 2010 WL 724108, at *8 (E.D. La. Feb. 22, 2010). Instead, dismissal on these grounds is "a draconian remedy" and is appropriate only where the insurer can establish actual prejudice. *Kerr v. State Farm Fire & Cas. Co.*, 934

F.Supp.2d 853, 857–58 (M.D. La. 2012) (internal quotations omitted); *accord Illinois Union Ins. Co. v. La. Health Serv. and Indem. Co.*, 257 F.Supp.3d 763, 797 (E.D. La. 2017).

In terms of policy breaches, "[a]n outright failure to submit to an examination is the easy case." *Spindel*, 2010 WL 5439706 at *2 (internal quotations omitted). But courts have found that the insured's claims are not subject to dismissal when he can offer a "reasonable explanation" for his noncompliance. *Beasley v. GeoVera Spec. Ins. Co.*, 2015 WL 2372328, at *4 (E.D. La. May 15, 2015). If no such explanation is offered, the insurer may establish prejudice by showing "that it is unable to obtain information while it is still fresh [and that] it cannot inspect the subject property in a timely fashion after receiving information from an examination under oath." *Spindel*, 2010 WL 5439706 at *2.

Here the court finds no adequate excuse for plaintiff's failure to attend the EUO.[1] However, GeoVera has failed to establish sufficient prejudice to void the policy. GeoVera admits that the interior of the home was demolished before it sought the EUO. Meanwhile, litigation commenced under the court's Case Management Order soon thereafter and the court assumes that plaintiff is abiding by her duty to preserve record evidence. Because GeoVera affirms its desire to proceed with the EUO, the court reminds plaintiff of her ongoing obligation to comply with the terms of her policy.

---

[1] Plaintiff argues that she was in a rush to file suit because of a possible one-year prescriptive period. As GeoVera points out, however, Louisiana Revised Statute 22:868 prohibits prescriptive periods shorter than two years in policies such as the one at issue here.

## IV.
### CONCLUSION

For the reasons stated above, Motion to Dismiss and Motion for Summary Judgment [doc. 9] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 7th day of October, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**